PEOPLE'S BANK OF PLAQUEMINE v. ERWIN, Undercurator, et al. (two cases).

In re L. DANOS PLANTING & MFG. CO.

(Circuit Court of Appeals, Fifth Circuit. January 8, 1917. Rehearing Denied February 27, 1917.)

Nos. 2975, 3003.

1. MORTGAGES ⬅298(3)—DISCHARGE—EFFECT.
  Where notes secured by a mortgage came into the possession of the maker, such notes and pro tanto the mortgage securing them were thereby extinguished as to third persons, no matter what would be the effect of a reissue of the notes between the maker and a second holder.
  [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 841, 843–846, 864; Dec. Dig. ⬅298(3).]

2. BANKS AND BANKING ⬅161(1)—AUTHORITY OF BANKS—COLLECTION.
  Where a bank received notes for collection only, it was without authority to extend the maturity of the notes or sell them, in the absence of express authority.
  [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 554, 558–561, 564; Dec. Dig. ⬅161(1).]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKS AND BANKING ☞161(1)—COLLECTIONS—SALE OF NOTES—AUTHORITY
—PROOF.

Notes secured by a mortgage were deposited with a bank for collection
only. The bank disposed of the notes to third persons, and they came
into the possession of the maker, who pledged them with the bank.
Thereafter the maker became bankrupt, and on bankruptcy sale the bank
bought in the property mortgaged to secure the notes, tendering such
notes in payment. *Held,* that as it was to the disadvantage of the
holder of the notes, who deposited them with the bank, for such notes
to be negotiated, instead of paid, he holding other notes, as the value of
the security would have been increased by such payment, the bank could
not use such notes in defraying the purchase price, without proving its
authority to sell the notes.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 554,
558–561, 564; Dec. Dig. ☞161(1).]

Petition to Superintend and Revise and Appeal from the District
Court of the United States for the Eastern District of Louisiana;
Rufus E. Foster, Judge.

In the matter of the bankruptcy of the L. Danos Planting & Man-
ufacturing Company. Proceeding between William L. Erwin, under-
curator, and the People's Bank of Plaquemine and others, with
Emile Hirsch as intervener. Petition by the Bank to superintend and
revise the decree. Decree affirmed, and petition denied.

The following is the opinion of the trial court by Foster, District
Judge:

In this matter the material facts as found by the master may be briefly
stated as follows: Milly plantation was owned in equal indivision by Louis
Danos and Samuel O. Le Blanc. Danos purchased the half interest of Le
Blanc for $75,000 entirely on credit and gave his 31 notes, of various denomi-
nations, maturing in from one to six years, and secured by the hypothecation
of the whole plantation. Thereafter the Louis Danos Planting & Manufac-
turing Company, the bankrupt herein, was organized and acquired the plan-
tation, assuming as part of the purchase price $60,000 of the said notes then
outstanding. This same plantation was surrendered by the bankrupt and
sold in these proceedings free of liens. By the settlement of the community
in a suit for divorce, Mrs. Samuel O. Le Blanc, now Mrs. Harvey, acquired
$50,000 of these notes and deposited them with the People's Bank for safe-
keeping and collection. At different times the People's Bank sold some of
these notes, the whole amounting to $20,000, and finally these same notes
got back into the possession of Louis Danos, their maker, who was still liable
to third holders. Louis Danos in turn pledged the notes to the People's Bank.
The bank purchased Milly plantation at the bankruptcy sale for $59,075, and
now tenders in part payment of the purchase price these same notes.

The master considered that the notes in question were acquired by the bank
from Louis Danos, the maker, after maturity and with notice; that therefore
they are not entitled to compete with other notes held by innocent third per-
sons, and recommended a decree in accordance. The People's Bank excepted to
the master's conclusions of law, but not to any finding of fact. Mrs. Harvey
and Emile Hirsch, holders of others of the notes, have excepted to the master's
finding of facts that the notes had been sold by the bank, instead of having
been paid, and also say the master should have found that the notes had been
surrendered to the bankrupt in payment of stock in that company. Consider-
ing the ultimate conclusions of the master, the last exception is unimportant.

[1-3] As to the first exception, of course, they, and pro tanto the mortgage
securing them, were extinguished as to third persons, no matter what would
be the effect of a reissue of the notes as between the maker and the second

holder. The bank received the notes for collection only, and therefore was not the agent of Mrs. Le Blanc, now Mrs. Harvey, to either extend the maturity of the notes or sell them in the absence of express authority. Cheney v. Libby, 134 U. S. 82, 10 Sup. Ct. 498, 33 L. Ed. 818. Mr. Dunlap, the president of the bank, testified that he had sold the notes, and that he must have been authorized to do so, or he would not have so acted. He testified that he had no letter of authorization, and it is in evidence that his principal was at that time out of the state of Louisiana, so that verbal authority would have been impossible. With regard to some of the notes, a letter of Mrs. Harvey is produced and relied upon as authority to sell; but it is not sufficient. It was to the advantage of Mrs. Harvey that the notes be paid at maturity, as the security for her remaining notes was thereby increased. It must be presumed that an agent would do nothing against the interest of his principal. Considering that the interests of the bank are opposed to its former principal, the burden was on it to show clearly it had the authority to sell the notes, and that burden has not been sustained. The exception therefore will be maintained. Furthermore, I must agree with the master in his ultimate conclusion that the bank could not tender the notes because it received them after maturity from the maker with knowledge.

There will be a decree requiring the People's Bank as purchaser of the plantation to pay the entire purchase price in cash, and denying it a recovery on the said mortgage notes held by it out of the fund to the prejudice of the other holders of the outstanding mortgage notes, but reserving its rights to participate in the distribution of the estate as an ordinary creditor.

J. H. Pugh, of Plaquemine, La., and Edw. N. Pugh and Walter Lemann, both of Donaldsonville, La., for petitioner and appellant.

J. H. Morrison, of New Roads, La., and Paul G. Borron, of Plaquemine, La., opposed.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. On careful consideration of the involved facts and circumstances shown by the record, we conclude that the reasons given by the District Judge fully support the decree rendered.

The decree appealed from is affirmed, and the petition to superintend and revise is denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes